DLD-221                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1449
_____

DAVID EUGENE BROOKHART,
                                                    Appellant
v.

JAMES E. ROHR, Official and Personal Capacity; BRETT
A. SOLOMAN, Official and Personal Capacity; MICHAEL
C. MAZACK, Official and Personal Capacity; JOSEPH
REHKAMP, Official and Personal Capacity; CARL E. NACE,
Official and Personal Capacity; BRENDA J. ALBRIGHT,
Official and Personal Capacity; RUTH HOWER, Official and
Personal Capacity; GEORGE L. LOWE, Personal Capacity;
JERRY A. PHILPOTT, Official and Personal Capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-01286)
District Judge: William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2010

Before:  FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed: June 30, 2010)

_____

OPINION

_____

PER CURIAM

Appellant David Brookhart filed a civil action in United States District Court for the Middle District of Pennsylvania against numerous individuals who played some role in initiating and completing through state process the foreclosure and Sheriff's sale of his Perry County, Pennsylvania property. Alleging fraud, conspiracy, bank fraud, and violations of the Hobbs Act, 18 U.S.C. § 1951, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and the civil rights statutes, 42 U.S.C. § 1983, 1985(3), and 1986, Brookhart claimed that Perry County officials conspired with employees and attorneys of PNC Bank and the purchaser to deprive him of his property. The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

In an order entered on October 14, 2009, the District Court dismissed the complaint without leave to amend against the state court judge who presided over a hearing to resolve a declaratory judgment action involving Brookhart. The court reasoned that Judge Joseph C. Rehkamp did not act in the clear absence of jurisdiction and thus was immunized from a suit for money damages. The remaining defendants – Brett Solomon, Carl Nace, Michael Mazack, James Rohr, Brenda Albright, Ruth Hower,

George Lowe, and Jerry Philpott – also were dismissed from the action but Brookhart was granted leave to amend to provide factual allegations in support of his claims.

Within about two weeks, Brookhart filed a response to the court's order, in which he complained that Judge Rehkamp should not have been dismissed, and in which he sought to clarify each defendant's role in the foreclosure and sale of his property. In the main, Brookhart contended that the judgment in the state mortgage foreclosure action was fraudulent because of the absence of an "original wet ink signature" on the "Note front and back." The remaining defendants moved to dismiss this "amended complaint" pursuant to Federal Rule of Civil Procedure 12(b)(6). In an order entered on January 11, 2010, the District Court granted the motions and dismissed the case, reasoning that the fraud claim had not been pled with particularity as required by Rule 9(b), Fed. R. Civ. Pro., and Brookhart's other allegations were equally conclusory or speculative.

Brookhart appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. §1915(e)(2)(B)(i).

3

An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We exercise plenary review over a Rule 12(b)(6) dismissal. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555. The District Court reasoned, and we agree, that Brookhart failed to allege any facts from which to infer any kind of fraud or conspiracy in the foreclosure action and Sheriff's sale of his property.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, the majority of the defendants are private citizens and not state actors. Liability would attach if a private party conspired with a state actor, Dennis v. Sparks, 449 U.S. 24, 27-28, but the District Court properly concluded that the vague allegations of a conspiracy to defraud Brookhart of his property did not satisfy the plausibility standard of Rule 12(b)(6), see Iqbal, 129 S. Ct. at 1949. As to the remaining defendants – the Sheriff and the court officials – we conclude that Brookhart's conclusory allegations that his constitutional

4

rights were violated fail to state a plausible claim, see id. Moreover, judges are absolutely immunized from a suit for money damages arising from their judicial acts. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Their orders may not serve as a basis for a civil action for damages. See id.[1]

Section 1985(3) of title 42 requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). Brookhart did not allege that he was a member of a protected class, and his conclusory allegations of a deprivation of his constitutional rights are insufficient to state a section 1985(3) claim. In order to maintain a cause of action under 42 U.S.C. § 1986, a plaintiff must show the existence of a section 1985 conspiracy. See Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Because Brookhart failed to allege a section 1985(3) violation, he could not assert a cause of action under section 1986.

The Hobbs Act provides only for criminal sanctions and not civil relief. Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 408-09 (8th Cir. 1999) (citing Peterson v. Philadelphia Stock Exchange, 717 F. Supp. 332, 336 (E.D. Pa. 1989) (neither language of statute nor legislative history imply private cause of action under 18 U.S.C. §

_____

[1] Brookhart's injuries stem in part from a declaratory judgment action presided over by Judge Rehkamp. Defendant Lowe, the purchaser, filed a declaratory judgment action against Brookhart, seeking possession and title to certain abandoned property.

1951).  RICO authorizes civil suits by any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962, see Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir. 1991), but Brookhart failed to allege (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity, see Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004).  Conclusory allegations of a pattern of racketeering activity, in this case, a fraudulent scheme, are insufficient to survive a Rule 12(b)(6) motion.  Id.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).